IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re the Application of: | ) |
| | ) |
| Justin Simon O'Neill, | ) |
| | ) |
|     Plaintiff/Petitioner, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| Deniz Meral Sezgin, | ) |
| | ) |
|     Defendant/Respondent. | ) |

### PETITIONER'S VERIFIED COMPLAINT AND PETITION FOR RETURN OF CHILD UNDER THE HAGUE CONVENTION

### INTRODUCTION

1. Petitioner, Justin Simon O'Neill, a citizen of Australia, brings this action to secure the return of his child, L.F.O., now two (2) years old.

2. The child is being, and has been, without the consent or acquiescence of Petitioner, wrongfully retained in the State of Missouri in the Eastern District of Missouri by Respondent, Deniz Meral Sezgin, an Australian citizen and mother of the child.

3. Petitioner brings this action pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[1] and the International Child Abduction Remedies Act ("ICARA").[2]

4. The United States and Australia are parties to the Hague Convention.

---

[1] Oct. 25, 1980, T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10494 (1986).
[2] 42 U.S.C. §§ 11601-11610 (2015).

1

5.     Article 1 of the Hague Convention sets forth the two principal objects of the treaty: (a) "to secure the prompt return of children wrongfully removed to or retained in any Contracting State," and (b) "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." The Convention seeks to deter the "use of force to establish artificial jurisdictional links on an international level, with a view to obtaining custody of a child,"[3] by vesting the country of "habitual residence" with the exclusive authority to resolve questions of custody.[4] The Hague Convention "rests implicitly on the principle that any debates on the merits of the question, *i.e.* of custody rights, should take place before the competent authorities in the State where the child had its habitual residence prior to its removal."[5] The Convention "is intended to defend those relationships that are already protected…by virtue of an apparent right to custody in the State of the child's habitual residence, i.e. by virtue of the law of the State where the child's relationships developed prior to its removal."[6]

6.     The child should be returned to Petitioner in Australia, because under the Convention and ICARA, a preponderance of the evidence establishes that (a) Australia was the habitual residence of the child on February 11, 2019, the date when Respondent initially wrongfully retained the child in the Eastern District of Missouri by refusing to allow Petitioner to return to Australia with the child; (b) Petitioner was exercising his rights of custody under Australian law at the time Respondent wrongfully retained the child in the

---

[3] Elisa Perez-Vera, Explanatory Report, in 3 Conference de La Haye de droit international prive, Actes et Documents 426, 428 ¶ 11 (1982)("Perez-Vera Report").
[4] *Id.* at 429, ¶ 16.
[5] *Id.* at 430, ¶ 19.
[6] *Id.* at 444, ¶ 65.

2

Eastern District of Missouri; and (c) none of the narrow exceptions to mandatory return under the Convention applies.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the Petition under the Hague Convention as implemented through ICARA pursuant to 42 U.S.C. § 11603(a). This Court also has jurisdiction under 28 U.S.C. § 1331, because this is a civil action arising under a federal law and an international treaty to which the United States is a party.

8. This Court has personal jurisdiction over Respondent because she currently resides in the Eastern District of Missouri, will be personally served with process therein, and she currently is wrongfully retaining the child in the Eastern District of Missouri.

9. Venue is proper under 42 U.S.C. § 11603(b) and 28 U.S.C. § 1391(b), as Respondent and the minor child currently live in the Eastern District of Missouri.

## FACTUAL BACKGROUND

10. Petitioner, an Australian citizen, and Respondent, an Australian and Italian citizen, married on June 14, 2014, in Queensland, Australia.

11. On March 10, 2017, Respondent gave birth to L.F.O. in Brisbane, Australia.

12. On February 14, 2018, Petitioner secured employment with Peabody Energy that would require his temporary relocation to the United States. Respondent secured an E3 Visa that would allow Petitioner, Respondent and the minor child to reside in Missouri so long as Petitioner continued to work for Peabody Energy or until the expiration of his E3 Visa.

13. Respondent and the minor child joined Petitioner in the United States on August 31, 2018.

3

14. Unfortunately, over the next several months Respondent began to threaten to leave the United States with the minor child and go to Italy.

15. On February 11, 2019, Respondent filed a Petition for Dissolution of Marriage in the Circuit Court of St. Louis County, State of Missouri. Petitioner opposed the dissolution in the City of St. Louis on jurisdictional grounds as the parties are not residents of the State of Missouri. However, the fact that Respondent took these legal steps in the United States indicated to Petitioner that Respondent would not honor her promise to return to Australia with the minor to handle the dissolution of their marriage. Since Respondent filed her Petition for Dissolution of Marriage, Petitioner has been unable to return to Australia and repatriate the family as planned.

**CLAIM FOR WRONGFUL RETENTION UNDER THE HAGUE CONVENTION**

16. Article 3 of the Hague Convention provides as follows:

> The removal or the retention of a child is to be considered wrongful where –
>
> (a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
>
> (b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.
>
> The rights of custody mentioned in sub-paragraph (a) above may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State.

Hague Convention, art. 3.

17. Under ICARA, an individual raising a claim of wrongful retention must prove the following:

> A petitioner in an action brought under subsection (b) of this section shall establish by a preponderance of the evidence—
>
> (A) in the case of an action for the return of a child, that the child has been wrongfully removed or retained within the meaning of the Convention; and
>
> (B) in the case of an action for arrangements for organizing or securing the effective exercise of rights of access, that the petitioner has such rights.

42 U.S.C. § 11603(e)(1).

18. Article 5(a) of the Hague Convention defines "rights of custody" as "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence." The Court may take judicial notice of the law of the country of habitual residence. *See,* Hague Convention, art. 14.

19. To make a claim for wrongful retention, Petitioner must show that (a) Australia is the habitual residence of the child; (b) under Australian law, Petitioner had custodial rights to the child; (c) that the retention by Respondent of the child in Missouri was without the consent or acquiescence of Petitioner; and (d) the continued retention by Respondent of the child in Missouri wrongfully deprives Petitioner of his custodial rights under Australian law.

20. Australia is the habitual residence of the child. Petitioner and Respondent married in Australia; the minor child was born in Australia; the parties resided continuously in Australia and both parties admit that they intended to return to Australia at the end of the project for Peabody Energy. The time in the United States has been a temporary presence, not a change in habitual residence. To transfer the habitual residence from Australia to the United States, both Petitioner and Respondent jointly must have formed a settled purpose to relocate the child. Petitioner never had any intention of relocating

the child from his native country of Australia; he agreed to bring the child to Missouri for the limited dual purpose of completing his Peabody Energy project while also retaining frequent contact with the minor child. That Respondent harbored a secret plan to keep the child in Missouri long enough for her to initiate divorce proceedings in no way represents a joint choice of both parties to relocate the child to Missouri. To the contrary, such secret intent on the part of Respondent represents a willful scheme to wrongfully retain the child in Missouri.

21. With Australia as the country of habitual residence, the Court must look to Australian law to determine the custody rights of Petitioner. Under the Family Law Act of 1975, sections 111 B(4)(a) and 61C, parents prior to a dissolution share equal custody rights of their minor child. Consequently, under Australian law, in the case of a married couple, parental authority over the child must be jointly exercised, and a child may not be removed to another country without the consent of both parents.

22. When, on February 11, 2019, Respondent refused to allow Petitioner to return with the child to Australia and instead insisted on the children remaining in Missouri, Respondent did so without the consent or acquiescence of Petitioner. From this moment forward, Respondent wrongfully retained the child in Missouri, as both parents did not consent for the child to remain in Missouri. *See*, ***Baxter v. Baxter****,* 423 F.3d 363, 366 (3rd Cir. 2005)(involving analogous facts of an Australian couple); ***Warren v. Ryan,*** Case No,. 15-CV-00667-MSK-MJW (D. Col., June 5, 2015)(involving analogous facts of an Australian couple).

23. Until the acts of Respondent on February 11, 2019, Petitioner had been exercising his custody rights to the child under Australian law for the entirety of the child's

6

life, and the continued refusal of Respondent to allow the child to return home to Australia constitutes wrongful retention in violation of the custody rights of Petitioner.

**PROVISIONAL REMEDIES ALLOWED BY ICARA**

24. This Court "[i]n furtherance of the objectives of…the Convention…may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604.

25. Petitioner requests that this Court issue a show cause order and direct that the order be served immediately by United States Marshals on Respondent and that she be brought before this Court.

26. Section 5(b) (Provisional Remedies) of ICARA provides that, in a proceeding under Section 4(b) for the return of the children, "No court exercising jurisdiction…may order…child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied." 42 U.S.C. § 11604. In this case, the State law referred to in Section 5(b) is that of Missouri. Missouri has adopted the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Mo. Rev. Stat. § 452.700 *et seq.*, and its provisions govern the resolution of both domestic and international child custody disputes.

27. Missouri law authorizes this Court to order the appearance of any person who is in this State and who has physical custody or control of the children to appear before the Court in person with the children. Mo. Rev. Stat. § 452.785.1. Furthermore, Missouri law authorizes this Court to enforce an order for the return of children under the Hague Convention as if it were a child custody determination. Mo. Rev. Stat. § 452.850.

7

28. Petitioner requests, for the well-being of L.F.O., that he be given immediate access and visitation with his child pending further hearing in this Court.

29. Pending further hearing of this Court, Petitioner requests that this Court issue an immediate order prohibiting the removal of the child from this District by the Respondent or others acting on her behalf, ordering Respondent not to obtain substitute travel documents for the child or allow others acting on her behalf to obtain substitute travel documents for the child, and setting an expedited hearing on the Verified Petition.

## NOTICE OF HEARING

30. Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice of any hearing pursuant to Mo. Rev. Stat. § 452.746.

## UCCJEA DECLARATION

31. The details regarding the minor children required under the UCCJEA are as follows:

(a) The minor child is presently located, upon information and belief, at 5538 Genesta Walk, St. Louis, Missouri, without the consent or acquiescence of Petitioner.

(b) Prior to the wrongful retention instituted by Respondent on February 11, 2019, the minor child resided with Petitioner and Respondent temporarily in the United States at 5825 Nottingham Avenue, St. Louis, Missouri 63109.

(c) Petitioner has no information regarding any custody proceeding concerning the minor child pending in any court of this or any other State, with the exception of the Petition for Dissolution of Marriage filed by Respondent on February 11, 2019, in the Circuit Court of the City of St. Louis, Missouri, bearing cause number 1922-

FC00246; and Petitioner's application for Parenting and Property orders in the Federal Circuit Court of Australia under file number BRC4006/2019.

(d)     Petitioner does not know of any person not a party to the proceedings who has physical custody of the minor child or claims to have rights of parental responsibility or legal or physical custody of, or visitation or parenting time with, the minor child.

## ATTORNEY FEES AND COSTS

32.    Petitioner has incurred attorney's fees, suit fees and costs as a result of the wrongful retention of the child by Respondent. Pursuant to 42 U.S.C. § 11607(b), any court ordering the return of a child pursuant to an action brought under the Convention shall order Respondent to pay necessary expenses incurred by or on behalf of Petitioner, including court costs, legal fees and transportation costs related to the return of the child, unless Respondent establishes that such order would be clearly inappropriate.

## RELIEF REQUESTED

Wherefore, Petitioner respectfully requests the following relief:

(a)     An immediate order restraining the removal of the children from this Court's jurisdiction pending a hearing on the merits of this Petition and further providing that no person acting in concert or participating with Respondent shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of this Petition;

(b)     The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that Respondent show cause at this hearing why the children should not be returned to Australia and why such other relief requested in the

Verified Complaint should not be granted; and an order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

(c) A final judgment in favor of Petitioner establishing that the child shall be returned immediately to Australia where an appropriate custody determination may be made by an Australian court under Australian law;

(d) An order requiring Respondent pay Petitioner's expenses and costs, including transportation costs, suit fees and attorney's fees under 42 U.S.C. § 11607; and

(e) For any such additional relief as may be just and appropriate.

## VERIFICATION

I, Justin S. O'Neill, solemnly declare and affirm under penalties of perjury and the laws of the United States of America, that the contents of the foregoing Verified Complaint are true to the best of my knowledge, information and belief.

_____
Justin S. O'Neill

Subscribed and sworn to before me this __1st__ day of ~~September~~ *October* 2019.

My commission expires:

__8/10/21__

_____
Notary Public

JACQUELINE C. COX
My Commission Expires
August 10, 2021
St. Louis County
Commission #13435000

11

The Marks Law Firm, L.L.C.
Attorneys for Petitioner

By: /s/Jonathan D. Marks
_____
Jonathan D. Marks          #47886
jdm@themarkslawfirm.com
Murry A. Marks             #18269
mam@themarkslawfirm.com
4 CityPlace Drive, Suite 497
Creve Coeur, Missouri 63141
(314) 993-6300    Telephone
(314) 993-6301    Facsimile